# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KYLE PARKS, | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:22-CV-306 JAR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255[1]. The motion is successive and will be denied and dismissed.

## Background

In December of 2015, movant was charged with one count of knowingly transporting a minor across state lines with intent to engage in prostitution in violation of 18 U.S.C. § 2423(a). *United States v. Parks,* No. 4:15CR553 JAR (E.D.Mo.). In August 2016, a federal grand jury issued a superseding indictment charging movant with one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a), two counts of attempted sex trafficking of a minor in violation of 18 U.S.C. § 1594(a), and six counts of transporting subjects in interstate commerce for the purposes of prostitution in violation of 18 U.S.C. § 2421(a). On January 12, 2017, a jury found movant guilty on all nine counts, and on April 19, 2017, the Court sentenced him to a total term of 300 months in federal prison, to be followed by lifetime supervised release. The Eighth Circuit

---

[1] Although movant styles his motion as a "Motion to Challenge the Integrity of Conviction Due to Fraud and Deliberate Misrepresentation," he is seeking to overturn his conviction and release from confinement. Thus, his motion must be construed as one brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a).

Court of Appeals affirmed the conviction and sentence on August 30, 2018. *United States v. Parks*, No. 17-1914 (8th Cir. 2018).

Movant filed his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on November 8, 2018. *Parks v. United States*, No. 4:18-CV-1923 JAR (E.D.Mo). He amended his motion to vacate on three separate occasions. His third motion to vacate was filed on February 12, 2020, and it raised four grounds for relief. This Court denied and dismissed movant's motion to vacate on March 27, 2020. *Id.* The Eighth Circuit denied movant's application for certificate of appealability on August 4, 2020. *Parks v. United States*, No. 20-1793 (8th Cir. 2020).

## Discussion

On March 14, 2022, movant filed the instant "Motion to Challenge the Integrity of Conviction Due to Fraud and Deliberate Misrepresentation." Movant alleges that this Court should conduct an evidentiary hearing "to review vital issues of constitutional rights."

Movant purports that there was a conspiracy between his assigned counsel, Joseph Hogan, as well as Assistant United States Attorney Howard Marcus and United States Magistrate Judge John M. Bodenhausen, to deprive him of his right to bring pretrial motions in his criminal case. He asserts that if he had been able to bring pretrial motions, he would have been able to raise matters relating to suppression of "evidence planting" by the St. Charles County Police Department and the illegitimacy of the Ohio search, as well as problems with the probable cause affidavit.

First and foremost, the Court notes that movant's counsel, Mr. Hogan, filed a pretrial motion to suppress evidence on behalf of movant on June 20, 2016. The Honorable Judge Bodenhausen had an evidentiary hearing on the matter on June 29, 2016, and he recommended that movant's motion be denied on August 8, 2016. However, before any objections to the Report

and Recommendation could be filed, the Grand Jury returned a superseding indictment in movant's criminal case expanding the nature and number of charges against movant. Thus, Judge Bodenhausen withdrew the Report and Recommendation issued on August 8, 2016, and he allowed movant's motion to suppress to remain under submission. After discovery concluded on the new charges, movant's counsel waived all further pretrial motions under the superseding indictment. However, movant's prior motion to suppress was still pending. Judge Bodenhausen issued a new Report and Recommendation as to movant's motion to suppress on September 19, 2016. Once again Judge Bodenhausen recommended that movant's motion be denied. Movant's counsel filed objections to the Report and Recommendation on October 4, 2016, as well as a reply brief to the government's response on October 18, 2016. On November 14, 2016, the undersigned adopted the Report and Recommendation of the Honorable John M. Bodenhausen and denied the motion to suppress. Thus, movant's assertion that he was unable to bring pretrial motions in his criminal case is without merit.

The Court, however, will not address the substantive allegations within movant's motion to overturn his conviction because his motion is a second or successive attempt to vacate his conviction that has not been certified by the Court of Appeals. Under 28 U.S.C. § 2244(a) and § 2255(h), district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. As a result, the Court may not grant the requested relief within movant's motion, and this action must be denied and dismissed as successive. Although movant attempts to circumvent the successive nature of his filing by calling it a different name, he is not permitted to do so.

A movant is not permitted to avoid the AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.

*Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). Here, the relief movant seeks is available only through a § 2255 motion. *See* 28 U.S.C. § 2255(a). The Court will, therefore, deny and dismiss the present action as successive.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AND DISMISSED** as **SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of March, 2022.

                                                */s/ John A. Ross*
                                                **JOHN A. ROSS**
                                                **UNITED STATES DISTRICT JUDGE**