UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KYLE PARKS,

    Movant,

v.                                   No. 4:22-CV-306 JAR

UNITED STATES OF AMERICA,

    Respondent,

## MEMORANDUM AND ORDER

Before the Court is movant's post-dismissal motion to reconsider the dismissal of this action. Movant filed his motion to vacate brought pursuant to 28 U.S.C. § 2255 on March 14, 2022. The Court denied and dismissed this action as successive on March 16, 2022. [ECF Nos. 2 and 3]. After reviewing the motion to reconsider, the motion will be denied.

Movant asserts that he is bringing this motion for reconsideration pursuant to both Rule 59(e) (motion to alter or amend the judgment) and Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); *see also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions

cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.* As noted above, the judgment in this matter was entered on March 16, 2022, thus, movant's request for the Court to reconsider its dismissal under Rule 59(e) must be denied.

The Court next turns to movant's request that the Court reconsider its dismissal under Rule 60(b)(2). Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

After reviewing the arguments made by movant in his motions, the Court finds that there are no grounds for granting relief under 60(b). Movant does not dispute that he filed and litigated

a prior motion to vacate. *See Parks v. United States*, No. 4:18-CV-1923 JAR (E.D.Mo.March 27, 2020). Additionally, movant fails to point to a certification from the Eighth Circuit Court of Appeals that would enable him to file a successive motion to vacate in this Court. *See* 28 U.S.C. §§ 2244(a) and 2255(h). Instead, movant's motions revisit the same arguments made by movant in his "Motion to Challenge the Integrity of Conviction Due to Fraud and Deliberate Misrepresentation," which this Court has interpreted as a § 2255 motion.

As this Court has already pointed out, it matters not what movant attempts to label his motions. "Call it a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is the substance that controls. *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). In this case, movant seeks to overturn his conviction and sentence, and therefore this action is a successive motion to vacate. As a result, this Court lacks jurisdiction over the relief requested by movant without a certification from the Court of Appeals.

There are no exceptional circumstances here that justify extraordinary relief. The Court declines to provide movant with relief from final judgment in this matter. Movant is therefore not entitled to reconsideration of the dismissal of this action, and his motion before the Court will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for reconsideration of the dismissal of this action [ECF No. 32] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additional filings from movant in this closed action unless they are related to a Notice of Appeal.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 13th day of October, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE